*61
 
 OVERTON,. J.
 

 This is an appeal taken by defendant from a judgment ordering him to execute in favor of plaintiff a written assignment conveying to it certain mineral leases, and to execute in plaintiff’s favor and deliver to it certain mineral leases on other lands.
 

 During the argument of the case, counsel for plaintiff said that the issues therein had become moot. Counsel for the defendant was unable, at that'time, to confirm this statement. Acting under a request made by the court that counsel for defendant place themselves in a position to affirm or deny the correctness of the conclusion drawn by counsel for plaintiff, they, after investigating, state, upon information furnished them by their client, that:
 

 “Under the written contract between the parties, the Vacuum Oil Company had the right to surrender the leases to Cockrell after the performance of its obligation. Subsequent to the taking of the appeal in this case, the Vacuum Oil Company tendered the leases back to Cockrell. Cockrell refused the tender for the reason that, as he contended, the Vacuum Oil Company was in default in respect of the absolute obligation undertaken by it to drill a deep well pursuant to the stipulation contained in the Cyr lease and in the Kyle Lumber Company lease.
 

 “Counsel are informed that the Vacuum Oil Company nevertheless executed acts of retrocession of these leases to Cockrell and caused them to be recorded in the records of St. Mary parish, but that Cockrell himself refused to make himself a party to these retrocessions.
 

 “Counsel is also informed and so gives the court to understand that there has been no agreement between the parties with respect to the Cognata and Ealterman leases, the two which form the subject matter of this suit.”
 

 The position of defendant is not that the case has become moot,’but that plaintiff has abandoned its demands, and that the proper thing to do is not to dismiss the appeal, but to dismiss the suit.
 

 The facts out of which the present question grows have come into existence since the ap peal was taken. They are not before us in such form and manner as to admit of a final disposition of the case. The contention of the parties to the suit, however, seems to be sufficiently grave as to call for an order remanding the case, coupled with one setting aside the judgment appealed from, with appropriate instructions.
 

 The judgment appealed from is set aside, and this case is remanded to the lower court for the purpose of determining, after a hearing, whether the case has become a moot one, or whether plaintiff has abandoned its demands, and to render such judgment as the facts and the law, touching the question, now presented, may justify, including the dismissal of the suit, or the reinstatement of the judgment appealed from.