DENNIS, Justice.
Certiorari was granted in this case to review a judgment in favor of a creditor of the decedent ordering the administratrix of the succession to include certain immovable property in the inventory of the succession assets.
During the argument of the case, counsel for the succession informed the court that the controversy underlying this lawsuit had been compromised, but the attorney for the succession creditor was not present in court. Acting under a request made by the Court that counsel for the succession present a joint motion confirming that all claims had been settled and praying that the judgments below be set aside, the attorneys for the succession, after attempting to comply with the Court’s request, have filed a motion stating:
“NOW INTO COURT, through undersigned counsel, comes the Succession of Geraldine Anita De La Parra Elrod, who upon suggesting to the Court that the only claimant before the Court demanding that the immovable property be included within the succession was Alcide J. Weysham [the succession creditor] but the said Mr. Weysham has now compromised and settled his claim against the late Mrs. Elrod with the succession and thus has not [sic] further interest in this succession proceeding, all as evidenced by the attached exhibits;
“Upon further suggesting that during the oral argument of this cause several justices recommended to undersigned counsel that the issue is now moot and that a joint motion to set aside the prior judgments of the Civil District Court for the Parish of Orleans and Court of Appeal for the Fourth Circuit was a proper vehicle to dispose of this case;
“And upon suggesting to the Court that undersigned counsel did contact counsel for Mr. Weysham who would not agree to such a joint motion, questioning its propriety and proposing that the previous compromise be reopened and additional sums paid to his client on the original claim (such sums it was suggested would be less than the inheritance tax which Mrs. LeNy would be required to pay);
“And upon suggesting to the Court that setting aside the lower courts’ decisions would have the effect of leaving the succession open and not depriving any proper claimant from asserting his claims;
“WHEREFORE, the Appellant-Succession moves this Court for an order setting aside the judgments of the Court of Appeal for the Fourth Circuit and the Civil District Court for the Parish of Orleans, dismissing this appeal, and remanding the case to the Civil District Court for further proceedings, reserving to all parties their rights to enter proper claims, all for the reasons set forth herein and evidenced by the attached affidavit and the exhibits filed herewith.”
One of the exhibits attached to the foregoing motion is a true copy of a “receipt and release of claim” signed by the succession creditor, Alcide J. Weysham, stating that for and in consideration of the sum of Nine Thousand Dollars ($9,000.00) cash, he does accept the said sum of money in full payment, satisfaction, compromise, release and discharge of all claims and demands, of every kind and character, which he has or may have against the Succession of Geraldine Anita De La Parra Elrod, Ercilia Elrod LeNy, and Geraldine Anita De La Parra Elrod, arising out of a judgment which he obtained against Geraldine Anita De La Parra Elrod on May 27, 1971 in the Civil District Court for the Parish of Orleans, and has hereby acknowledged said payment to be the full and complete release of said judgment and from any and all liability, of any kind and character whatsoever.
The facts out of which the present question arose have come into existence since the writ was granted in this case. They are not before us in such a form and manner as to admit of a final disposition of the case. The contention of the succession representative, however, seems to be sufficiently grave as to call for an order remanding the case, coupled with one setting aside the *798 judgment under review, with appropriate instructions: La.C.C.P. art. 2164; see, Vacuum Oil Co. v. Cockrell, 174 La. 60, 139 So. 759 (1932).
Accordingly, the judgments of the Court of Appeal and of the Civil District Court herein are set aside and this case is remanded to the Civil District Court for the Parish of Orleans for the purpose of determining, after a hearing, whether the case has become moot, or whether the succession creditor has compromised his claims, and to render such judgment as the facts and the law, touching the question, now presented, may justify, including the dismissal of the suit, or the reinstatement of the judgment.
JUDGMENT SET ASIDE; CASE REMANDED. t